NOT FOR PUBLICATION

RECEIVED
AUG 3 1 2012
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SEAN J. MCCALL, | |
| Plaintiff, | Civil Action No. 12-02442 (JAP) |
| v. | OPINION |
| NEW PRIME, INC., a/k/a PRIME, INC.; JEFFREY SCHOTTMULLER; MONTRESE LAVONNE-CARTER; and JOHN DOES 1-50 | |
| Defendants. | |

PISANO, District Judge.

This action was brought in the Superior Court of New Jersey, Mercer County, by Plaintiff Sean J. McCall against Defendants New Prime, Inc., Jeffrey Schottmuller, Montrese Lavonne-Carter, and unnamed defendants. It arises out of injuries sustained by the Plaintiff as a result of an automobile collision with a truck owned and operated by Defendants. The action was removed to this Court by Defendant New Prime on April 25, 2012. Presently before the Court is the Plaintiff's Motion to Remand [docket entry no. 5]. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Motion to Remand will be denied.

On April 19, 2010, Plaintiff Sean McCall sustained serious injuries as a result of an automobile accident with a tractor trailer operated by Jeffrey Schottmuller and owned by New Prime, Inc. Plaintiff filed a complaint in Mercer County Superior Court alleging severe and permanent bodily injury, which has caused and will continue to cause him to suffer great pain

1

and to incur medical expenses, and loss of earnings. He did not, however, specify the amount of damages sought in his complaint. Defendants removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(a), and Plaintiff now seeks remand for failure to meet the amount in controversy requirement.

This Court has jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1447(c). The amount in controversy is determined by a "reasonable reading" of the rights being litigated. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). This is generally determined from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). However, when a complaint does not demand a precise amount, the Court should make an "independent appraisal of the value of the claim." *Angus*, 989 F.2d at 146.

The Court is mindful that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). However, the Plaintiff in this case alleges severe and permanent injury, including future medical expenses and loss of earnings, and has refused to stipulate to damages below $75,000. Although such stipulation is not required, and the burden lies with the Defendant to prove that the amount in controversy requirement is met, a reasonable reading of the pleadings amply supports Defendant's removal. Plaintiff cannot achieve remand based on a new characterization of his case once a Defendant has properly removed it based on the pleadings. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) (citing *St. Paul*, 303 U.S. 283); *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (same). In fact, the Plaintiff has avoided re-

characterizing his case as worth less than $75,000, instead merely relying on the fact that the removal statute should be strictly construed.

The Defendant having properly removed this case, Plaintiff's Motion for Remand will be denied. An appropriate Order accompanies this Opinion.

_____
JOEL A. PISANO
United States District Judge

Dated: 8/31/12

3